IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KLEIN TOOLS, INC., SUCCESSOR IN INTEREST TO GRIP-IT CORPORATION,<br>    Plaintiff<br><br>v.<br><br>ETTA M. LAIRD,<br>    Defendant | :<br>:<br>:<br>:  CIVIL ACTION<br>:  CASE NO. 02-3665<br>:<br>:<br>: |

**<u>DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM</u>**

    Defendant, Etta M. Laird, by and through her attorneys Silverman Bernheim & Vogel, P.C. by way of answer to the complaint of Klein Tools, Inc. states as follows:

    1)    Admitted.

    2)    Admitted.

    3)    Admitted.

    4)    Admitted.

    5)    Admitted.

    6)    Admitted.

    7)    Admitted.

    8)    Admitted.

    9)    Admitted.

    10)    Admitted.

    11)    Admitted.

12) Denied. Laird was entitled to received royalties until the termination of the License Agreement. By way of further answer, the License Agreement covered not only patents but also a trademark and improvements relating to licensed articles.

13) Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

14) Denied as stated. It is admitted that Klein Tools paid royalties to Laird through November 28, 2001 under the Licensing Agreement, however it is denied that said royalties were paid by mistake. To the contrary, royalties were due to defendant up and through the termination of the Agreement.

15) Denied as stated. It is admitted that Klein Tools wrote to Laird asking her to return the sum of $105,530.00 which was paid to her. It is denied that said payment was a mistake or that Klein Tools discovered its mistake at that time.

16) Admitted.

17) Denied. It is denied for the reasons set forth in the previous allegations and as set forth hereinafter that Laird owes Klein Tools $105,530.00 plus interest.

## AFFIRMATIVE DEFENSES

18) Plaintiff's complaint is barred by the Doctrine of estoppel.

19) Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

WHEREFORE, defendant respectfully requests that judgment be entered in her favor and against the plaintiff, along with attorneys fees, costs and such other relief as the Court deems equitable under the circumstances.

## COUNTERCLAIM

20) Defendant incorporates here and by reference all allegations heretofore set forth in paragraphs 1 through 19 as if fully set forth herein.

21) The License Agreement (as amended) entered into between the Assignees of the parties on June 15, 1979, provided, *inter alia*:
    a) Article 7   Royalty Payments
        1) Licensor (Laird) shall receive, as a royalty, from Licensee (Klein Tools) an amount equal to 3% of the net sales.....of all Licensed Articles......

    b)  Article 8  Term and Renewal
     1)  This Agreement shall be effective as of July 1, 1978 and shall continue until the end of the term of the last-to-expire patent which has issued or will issue from any patent application on Licensed Articles identified in Articles 1 and 2 and thereafter from year to year unless terminated by Licensee in writing six (6) months before the end of any such year.

  22)  The Addendum to License Agreement dated July 12, 1978, provided, *inter alia*:
    a)  Article 6  Trademark
     1)  "Licensor hereby conveys to Licensee any and all of his right, title and interest in and to the Trademark "Grip-It"....

  23)  On June 27, 2002, pursuant to the terms of the License Agreement, plaintiff sent formal notice terminating the License Agreement (as amended).

  24)  Pursuant to the Termination Provision of the License Agreement, the Notice of Termination on June 27, 2002 would effectuate a termination of the License Agreement on June 30, 2003.

  25)  Under such circumstances, plaintiff owes defendant royalties on the sale of licensed articles until June 30, 2003.

  WHEREFORE, defendant demands that judgment be entered in favor of her and against Klein Tools, Inc. in an amount equal to 3% of the net sales from licensed articles through June 30, 2003 (said amount being less than $150,000.00) plus interest, attorneys fees and costs.

            SILVERMAN BERNHEIM & VOGEL


            BY:_____
              WARREN L. SOFFIAN
              Identification Number 04258
              2 Penn Center Plaza, Suite 910
              Philadelphia, PA 19102
              215-636-3973
              Attorneys for Defendant, Etta M. Laird

Date:_____